ENTERED
CLERK, U.S. DISTRICT COURT

SEP 2 2005

CENTRAL DISTRICT OF CALIFORNIA
BY                          DEPUTY

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**PRIORITY SEND**

Ent / Me

**CIVIL MINUTES -- GENERAL**

Case No.    **CV 05-5559-JFW (CWx)**                    Date: September 1, 2005

Title:    JUNE AAROE, et al. -v- MERCK & CO., INC., et al.

---

**PRESENT:**

### HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE

**Shannon Reilly**                          **None Present**
**Courtroom Deputy**                        **Court Reporter**

**ATTORNEYS PRESENT FOR PLAINTIFFS:**    **ATTORNEYS PRESENT FOR DEFENDANTS:**
None                                        None

**PROCEEDINGS (IN CHAMBERS):**    **ORDER REMANDING ACTION TO LOS ANGELES**
**COUNTY SUPERIOR COURT**

On June 2, 2005, 31 individuals (collectively "Plaintiffs") filed a Complaint in Los Angeles County Superior Court against Defendants Merck & Co., Inc. ("Merck") and McKesson Corporation ("McKesson") alleging the following eleven causes of action: (1) Strict liability - failure to warn; (2) Negligence; (3) Negligence *per se*; (4) Breach of implied warranty; (5) Breach of express warranty; (6) Deceit by concealment; (7) Negligent misrepresentation; (8) Violation of Business and Professions Code § 17200; (9) Violation of Business and Professions Code § 17500; (10) Wrongful death; and (11) Loss of consortium. On August 1, 2005, Defendant Merck filed a Notice of Removal of Action Under 28 U.S.C. § 1441(b) ("Notice of Removal").

On August 9, 2005, the Honorable R. Gary Klausner issued an Order to Show Cause Re: Lack of Jurisdiction ("OSC") and ordered Defendant Merck to respond by August 23, 2005. Judge Klausner also indicated that Plaintiffs could file a response to the OSC within the same time period. On August 11, 2005, pursuant to General Order 224, this action was transferred from the calendar of Judge Klausner to this Court. On August 22, 2005, Plaintiffs filed a Response in Support of Remand. On August 23, 2005, Defendant Merck filed its "Showing of Cause."

In its Notice of Removal and its Response to Judge Klausner's OSC, Defendant Merck claims that this Court has subject matter jurisdiction over this action on the basis of diversity of citizenship pursuant to 28 U.S.C. § 1332(a) because all Plaintiffs are completely diverse from Defendant Merck, and the amount in controversy exceeds $75,000. Defendant Merck argues that the citizenship of Defendant McKesson, a Delaware corporation with its principal place of business in California, should not be considered in determining whether this Court has jurisdiction because Defendant McKesson has been fraudulently joined.

____ Docketed
____ Copies / NTC Sent
____ JS - 5 / JS - 6
____ JS - 2 / JS - 3
____ CLSD   cc, O order, Letter y

Initials of Deputy Clerk  sr

**EXHIBIT 7**

The basic requirement for jurisdiction in diversity cases is that all plaintiffs be of different citizenship than all defendants. *See Strawbridge v. Curtiss*, 7 U.S. 267 (1806); *see also Munoz v. Small Business Administration*, 644 F.2d 1361, 1365 (9th Cir. 1981) (noting that "[d]iversity jurisdiction requires that the plaintiffs and each defendant be citizens of different states"). Even where the complete diversity requirement is met, removal is not permitted where one of the defendants is a "citizen of the State in which such action is brought." 28 U.S.C. § 1441(b). However, if the plaintiff "fails to state a cause of action against a resident defendant, and the failure is obvious according to the *settled* rules of the state, the joinder of the resident defendant is fraudulent." *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987) (emphasis added). If the Court finds that the joinder of a non-diverse defendant is fraudulent, that defendant's presence in the lawsuit is ignored for the purposes of determining diversity. *See, e.g., Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001).

"There is a presumption against finding fraudulent joinder, and defendants who assert that plaintiff has fraudulently joined a party carry a heavy burden of persuasion." *Plute v. Roadway Package Sys., Inc.*, 141 F. Supp. 2d 1005, 1008 (N.D. Cal. 2001). A claim of fraudulent joinder should be denied if there is *any possibility* that the plaintiffs may prevail on the cause of action against the in-state defendant. *See id.* at 1008, 1012. "The standard is not whether plaintiffs will actually or even probably prevail on the merits, but whether there is a *possibility* that they may do so." *Lieberman v. Meshkin, Mazandarani*, 1996 WL 732506, at *3 (N.D. Cal. Dec. 11, 1996) (emphasis added). "In determining whether a defendant was joined fraudulently, the court must resolve 'all disputed questions of fact and all ambiguities in the controlling state law in favor of the non-removing party.'" *Id.* at 1008 (quoting *Dodson v. Spiliada Maritime Corp.*, 951 F.2d 40, 42-43 (5th Cir. 1992)). Moreover, any doubts concerning the sufficiency of a cause of action due to inartful, ambiguous, or technically defective pleading must be resolved in favor of remand. *See id.*

Defendant Merck argues that Defendant McKesson was fraudulently joined because "Plaintiffs' factual allegations against McKesson are vague at best, including only the nonspecific and ambiguous allegations that McKesson 'distributed and sold Vioxx in and throughout [California and Arizona], which was ingested by . . . plaintiffs' and that McKesson 'knew of should have known' about the alleged tortuous conduct that plaintiff attribute to Merck." Response to OSC at 2 (quoting Complaint at ¶¶ 4, 5, 107). However, contrary to Defendant Merck's assertions, these allegations are sufficient to "allege an actual connection between the defendant's alleged conduct and the plaintiff's purported injury," and under the liberal pleading requirements, are sufficient to charge Defendant McKesson with the alleged wrongful conduct. *See, e.g., Plute v. Roadway Package Sys., Inc.*, 141 F. Supp. 2d at 1010, n.4 (citing *Peloza v. Capistrano Unified Sch. Dist.*, 37 F.3d 517, 521 (9th Cir. 1994).

Defendant Merck also argues that Defendant McKesson was fraudulently joined because Plaintiffs' claims against McKesson are "untenable." *See* Response to OSC at 8. Defendant Merck contends that each of the causes of action alleged in Plaintiffs' Complaint are based on "an alleged failure to warn about the purported risks of Vioxx, and McKesson has no duty to warn under California law." *Id.* In support of its argument, Defendant Merck cites a California Supreme Court decision involving the liability of pharmacists for defective drugs and then concludes that "[t]he same rule applies (and should apply) to pharmaceutical wholesale distributors. *Id.* at 9. However, Defendant Merck does not, and cannot cite any California cases holding that a distributor cannot be held liable for failure to warn, as the California state courts have not yet

EXHIBIT 7
71

addressed that issue.  Defendant Merck has simply failed to satisfy its heavy burden of demonstrating that there is no possibility that Plaintiffs will be able to prevail on the merits of their claims against Defendant McKesson in state court, and therefore has failed to demonstrate that Defendant McKesson was fraudulently joined.

Accordingly, complete diversity of citizenship is lacking and this action is hereby **REMANDED** to Los Angeles County Superior Court for lack of subject matter jurisdiction.  *See* 28 U.S.C. § 1447(c).

IT IS SO ORDERED.

The Clerk shall serve a copy of this Minute Order on all parties to this action.

Initials of Deputy Clerk _sr

**EXHIBIT 7**
**72**