# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIZABETH MAHER, | CASE NO. 07CV852 WQH (JMA) |
| Plaintiff, | ORDER GRANTING PLAINTIFF'S MOTION TO REMAND |
| vs. | |
| NOVARTIS PHARMACEUTICALS CORPORATION,[1] et al., | |
| Defendants. | |

HAYES, Judge:

Pending before the Court is Plaintiff's motion to remand to state court. (Docs. #11). The Court finds this matter suitable for submission on the papers without oral argument pursuant to Civil Local Rule 7.1(d)(1).

## BACKGROUND

On March 23, 2007, Plaintiff Elizabeth Maher (Plaintiff) filed a Complaint in the Superior Court of California against Defendants Novartis Pharmaceuticals Corporation (Novartis), Novartis Corporation[1] and McKesson Corporation (McKesson). Notice of Removal (Doc. # 1), ¶ 1. The Complaint alleges state law claims against Novartis and McKesson for injuries sustained by Plaintiff when Plaintiff ingested the prescription drug Tegretol, an anti-seizure medication. Notice of Removal, Ex. 1 (Complaint), ¶ 3. Specifically, the Complaint alleges state law claims for (1) strict products

---

[1] Plaintiff voluntarily dismissed Defendant Novartis Corporation on June 11, 2007. (Doc. # 10).

1 liability, (2) common law fraud, (3) negligence, (4) negligent misrepresentation, (5) misrepresentation, (6) express warranty, (7) implied warranty, and (8) violations of the California Business & Professions Code. Compl., ¶¶ 42-70.

Plaintiff is a resident of the State of California. Notice of Removal, ¶ 4; Compl., ¶ 2. Defendant Novartis is a Delaware corporation with its principal place of business in the State of New Jersey. Compl., ¶ 4; Notice of Removal, ¶ 5. Plaintiff alleges that Novartis, "[a]t all times relevant . . . was in the business of designing, testing, manufacturing, labeling, advertising, marketing, promoting, selling and distributing pharmaceuticals, including Tegretol, and other products for use by the mainstream public, including Plaintiff." Compl., ¶ 10. Defendant McKesson is a Delaware corporation with its principal place of business in the State of California. Compl., ¶ 7; Notice of Removal, ¶ 7. Plaintiff alleges that McKesson, "[a]t all times relevant . . . was in the business of labeling, advertising, marketing, promoting, selling and distributing pharmaceuticals, including Tegretol, and other products for use by the mainstream public, including Plaintiff." Compl., ¶ 11.

Plaintiff alleges that Defendants Novartis and Mckesson, or their representatives, "manufactured, marketed, distributed and sold" Tegretol to Plaintiff. Compl., ¶ 13. Plaintiff further alleges that Defendants Novartis and McKesson knew that Tegretol was a dangerous drug and failed to adequately warn physicians and patients about its dangers. Compl., ¶ 17. Plaintiff alleges that Defendants made false statements about Tegretol and improperly promoted the Tegretol taken by Plaintiff for off-label uses. Compl., ¶ 19.

On April 11, 2007, Plaintiff served Defendant Novartis with the Complaint. Notice of Removal, ¶ 2. On May 11, 2007, Novartis filed Notice of Removal pursuant to 28 U.S.C. § 1441(b). Notice of Removal (Doc. # 1). The Notice of Removal asserts diversity jurisdiction and contends that the citizenship of Defendant McKesson is irrelevant because McKesson is a sham Defendant fraudulently joined. Notice of Removal, ¶ 7. The amount in controversy exceeds $75,000. Notice of Removal, ¶¶ 9-10; Compl., ¶ 75, 84, 87-88.

On June 1, 2007, Plaintiff moved to remand for lack of subject matter jurisdiction. (Docs. # 8, 11).

/

## STANDARD OF REVIEW

"A federal court can exercise removal jurisdiction over a case only if it would have had jurisdiction over [the case] as originally brought by the plaintiff." *Snow v. Ford Motor Co.*, 561 F.2d 787, 789 (9th Cir. 1977); *see also* 28 U.S.C. § 1441. Removal based on diversity jurisdiction under 28 U.S.C. § 1332 requires complete diversity of citizenship. *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001); *see also* 28 U.S.C. § 1332. Removal is not permitted where one of the defendants "is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b).

The party seeking removal has the burden of establishing federal jurisdiction, *Holcomb v. Bingham Toyota,* 871 F.2d 109, 110 (9th Cir. 1989), and there is a "strong presumption against removal jurisdiction." *Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 685 (9th Cir. 2006), *citing Gaus v. Miles, Inc.,* 980 F.2d 564, 566 (9th Cir. 1992). In determining the existence of removal jurisdiction, a court may ignore a "fraudulently joined" defendant. *Morris v. Princess Cruise Lines,* 236 F.3d 1061, 1067-68 (9th Cir. 2001). "Fraudulent joinder is a term of art"–when a "plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent." *McCabe v. General Foods Corp.,* 811 F.2d 1336, 1339 (9th Cir. 1987).

A district court evaluating fraudulent joinder properly considers the allegations of the complaint and any evidence submitted by the parties showing the joinder is fradulent. *Ritchey v. UpJohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998); *McCabe*, 811 F.2d at 1339. "All disputed questions of fact and all ambiguities in the controlling state law" must be resolved in favor of the non-removing party, and "any doubts concerning the sufficiency of a cause of action due to inartful, ambiguous, or technically defective pleading must be resolved in favor of remand." *Aaron*, CV 05-4073-JFW (MANx), 2005 U.S. Dist. LEXIS 40745, *5-6 (C.D. Cal. July 26, 2005); *see also Little v. Purdue Pharma, LP*, 227 F. Supp. 2d 838, 849 (S.D. Ohio 2002) ("a federal court should hesitate before pronouncing a state claim frivolous, unreasonable, and not even colorable in an area yet untouched by the state courts.").

**DISCUSSION**

Plaintiff moves for remand to state court for lack of federal subject matter jurisdiction. Plaintiff, a citizen of the State of California, contends that there is no diversity jurisdiction because Defendant McKesson is a legitimate defendant with its place of business in the State of California. Plaintiff contends that a distributor such as Defendant McKesson is liable under California law if it fails to properly warn physicians and patients of a prescription drug's dangerous propensities.

Defendant Novartis contends that Plaintiff has not and cannot state a claim against Defendant McKesson under California law. Defendant Novartis asserts that Defendant McKesson is fraudulently joined in this action to defeat diversity and that removal is proper based on diversity jurisdiction when one ignores Defendant McKesson's citizenship. Defendant Novartis contends that Defendant McKesson is "fraudulently joined to this action as a 'sham' defendant" and "there is no possible way that Plaintiff can prove a cause of action against McKesson." Notice of Removal, ¶ 7. Defendant Novartis contends that a distributor of prescription drugs cannot be held liable for damages in a products liability claim under California law and that the learned intermediary doctrine precludes Plaintiff from stating a claim against Defendant McKesson. Defendant Novartis explains that Plaintiff's claims of inadequate warning, negligence, fraud, negligent misrepresentation and misrepresentation against Defendant McKesson are not viable because a distributor of prescription drugs has no duty to warn under California law.

The general rule under California law is that both a manufacturer and a distributor can be strictly liable for injuries caused by a defective product. *Bostick v. Flex Equipment Co.*, 147 Cal. App. 4th 80, 88 (2007); *Anderson v. Owens-Corning Fiberglass Corp.*, 53 Cal. 3d 987, 994 (1991); *see also Daly v. General Motors Corp.*, 20 Cal. 3d 725, 739 (1978); *Vandermark v. Ford Motor Co.*, 61 Cal. 2d 256, 262-63 (1964). In *Brown v. Superior Court*, 44 Cal. 3d 1049 (1988), the California Supreme Court examined strict liability for drug manufacturers and concluded that "a manufacturer is not strictly liable for injuries caused by a prescription drug so long as the drug was properly prepared and accompanied by warnings of its dangerous propensities that were either known or reasonably scientifically knowable at the time of distribution." *Id.* at 1069. In prescription drug cases, liability under California state law is premised on a defendant's failure to

1  warn of knowable risks.[2] *Id*.  The California Supreme Court has recognized an exception in strict

2  liability for pharmacists in prescription drug cases, *see Murphy v. E.R. Squibb & Sons, Inc.*, 40

3  Cal. 3d 672, 681 (1985)[3], however, it has not addressed liability in prescription drug cases for

4  distributors and other potential defendants in the "commercial chain."  *Daly*, 20 Cal. 3d at 739

5  ("Regardless of the identity of a particular defendant or of his position in the commercial chain the

6  basis of his liability remains that he has marketed or distributed a defective product.").  Defendant

7  Novartis contends that Plaintiff cannot maintain her claims against Defendant McKesson because

8  the principles that the California Supreme Court relied upon to explain liability for drug

9  manufacturers in *Brown* and to create an exception in strict liability for pharmacists in prescription

10  drug cases apply to prevent recovery against distributors in products liability cases involving

11  prescription drugs.  Defendant's Opp. To Mot. To Remand at 3-6.

12  In the context of fraudulent joinder, a number of federal district courts have addressed

13  whether a California distributor can be liable in a prescription drug case for failure to warn, and

14  concluded that distributor defendants were not fraudulently joined because a distributor could

15  possibly be liable for failure to warn in prescription drug cases under California law.  *See Aaron*,

16  CV 05-4073-JFW (MANx), 2005 U.S. Dist. LEXIS 40745, *8 (C.D. Cal. July 26, 2005)

17  (defendant failed to meet heavy burden of demonstrating that there is no possibility that plaintiffs

18  will be able to prevail); *Black*, CV 03-8730 NM (AJWx), 2004 U.S. Dist. LEXIS 29860, *13-14

19  (C.D. Cal. Mar. 3, 2004) (defendant failed to meet heavy burden to show "absolutely no

20  possibility" that plaintiffs could prevail); *Martin*, No. S-05-750, 2005 WL 1984483, *3-4 (E.D.

21  Cal. Aug. 17, 2005) (defendant failed to meet heavy burden to show to a near certainty that cause

22  of action is precluded under California law); *see also Becraft v. Ethicon*, No. C 00-1474 CRB,

23  2000 U.S. Dist. LEXIS 17725 (N.D. Cal. Nov. 2, 2000) (concluding that a distributor can be liable

---

[2] Though the rule articulated in *Brown* uses the words "strict liability," the California Supreme Court noted that the rule "rings of negligence" and distinguished the rule from pure strict liability. *Brown*, 44 Cal. 3d at 1058-59.  The Court concluded that "a drug manufacturer's liability for a defectively designed drug should not be measured by the standards of strict liability." *Id.* at 1061.

[3] The California Supreme Court created the pharmacy exception articulated in *Murphy* and applicable in strict liability cases before it decided *Brown* and held that there was no pure strict liability in prescription drug cases, only a hybrid (negligence/strict liability) form of liability for failure to warn.  *Brown*, 44 Cal. 3d at 1058-1061.

1 under California law for defective sutures); *but see Aronis v. Merck*, NO. CIV. S-05-0486 WBS
2 DAD, 2005 U.S. Dist. LEXIS 41531, *3 (E.D. Cal. May 3, 2005) (plaintiff did not state claim
3 against distributor under California law because plaintiff failed to allege causal connection);
4 *Skinner v. Warner-Lambert Co.*, Case No CV-03-1643-R (Rzx) (C.D. Cal. Apr. 28,
5 2003)(distributor of prescription drugs is not subject to strict liability). On or about May 22, 2006,
6 a California State Superior Court Judge refused to exempt distributors from strict liability in a
7 prescription drug case involving the drug Vioxx. The Superior Court Judge stated "Defendants
8 point to no authority that makes an exception to the doctrine of strict liability for distributors in an
9 industry analogous to the prescription pharmaceutical industry. This court will not be the first to
10 make such an exception at the pleading stage." *See Declaration of Robert Clarke in Support of*
11 *Plaintiff's Motion to Remand*, Ex. 3 at 40-49 (*In re Vioxx Cases*, Case No. JCCP 4247 "Revised
12 Ruling on Request for Reconsideration," May 16, 2006)

13 The general rule under California law is that distributors and other "participants in the
14 chain of distribution" are strictly liable in defective products cases. *Bostick*, 147 Cal. App. 4th at
15 88. This Court has been unable to find, nor has either party cited, a case under California law
16 which creates an exception in strict liability for distributors in prescription drug cases. This Court
17 cannot conclude that it is obvious that the general rule of distributor liability does not apply under
18 the allegations in this case. *McCabe*, 811 F.2d at 1339. The Court further concludes that the
19 learned intermediary doctrine does not prevent Plaintiff from stating a claim against McKesson
20 because Plaintiff has alleged that McKesson failed to properly warn physicians, including
21 Plaintiff's physician. *Brown*, 44 Cal. 3d at 1062; *see also Carlin v. Superior Court*, 13 Cal. 4th
22 1104, 1118 (1996).

23 In the Complaint, Plaintiff alleges that Defendant McKesson distributed, promoted,
24 labeled, and marketed Tegretol to Plaintiff, and that Plaintiff was injured when she used Tegretol.
25 Plaintiff further alleges that Defendant McKesson knew that Tegretol was dangerous, yet failed to
26 warn physicians and patients of the drug's dangerous propensities. The Court concludes that it is
27 not "obvious" that Plaintiff has failed to state a claim against Defendant McKesson under settled
28 California law, *McCabe*, 811 F.2d at 1339, and that Defendant Novartis has not met its "heavy

1  burden" to show that McKesson has been fraudulently joined. *Plute v. Roadway Package Sys.,*
2  *Inc.*, 141 F. Supp. 2d 1005, 1008 (N.D. Cal. 2001; *see also Black*, CV 03-8730 NM (AJWx), 2004
3  U.S. Dist. LEXIS 29860, *13-14 (C.D. Cal. Mar. 3, 2004), *citing Purdue Pharma, LP*, 227 F.
4  Supp. 2d at 849 ("a federal court should hesitate before pronouncing a state claim frivolous,
5  unreasonable, and not even colorable in an area yet untouched by the state courts."). Accordingly,
6  this matter is remanded to state court.

## CONCLUSION

IT IS HEREBY ORDERED that (1) Plaintiff's motion to remand (Doc. # 11) to state court is GRANTED; (2) Defendant's evidentiary objections are DENIED as moot; and (3) this case is hereby remanded to the California Superior Court.

DATED: August 10, 2007

*William Q. Hayes*
**WILLIAM Q. HAYES**
United States District Judge